Pee. curiam.
The defendants below, offered to prove, that the bond on which this suit was brought, was given for the purchase money of a tract of land: that in the deed of conveyance, there was a reservation of a nook of land, which the defendants supposed to be included in th'eir purchase, and which had been represented to them as included therein, by John Lyon and William Alexander, from whom they made the purchase, and that they were ignorant of the reservation contained in the deed of conveyance. To this evidence the plaintiffs objected, and in order to prove that it was improper, they gave evidence to show, that the defendants had set up the same defence in another action brought against them by the plaintiffs on another bond given by the defendants to the said Jllex-ander and Lyon, in part of the purchase money for the same tract of land, and that the jury had found a verdict against the defendants. The court, having heard this evidence, rejected the evidence offered by the defendants. It is very clear, that the evidence offered by the defendants was prima facie a good defence, and must have been so considered by the court below, if they had not heard other evidence, from which they concluded, that the evidence offered by the defendants was improper. But in order to arrive at this conclusion, the court took upon itself to decide on the truth of the matter alleged by the plaintiffs, viz. that the defence set up by the defendants had been tried and decided against them before. But this should have been left to the jury, and by this mode of proceeding, the court took the whole trial into its own hands. The defend *83 ants should have been permitted to go on with the evidence, and then the plaintiffs might have shown what they could to take off the force of it. But whether any matter had been tried between the same parties, and decided before, was a fact, depending in part on parol evidence, and therefore to be decided by the jury, and not by the court. We have had occasion to consider points of this kind in several instances very lately, and have reversed the judgments, because the court below had stopt one party in the course of his evidence, and heard the evidence of the other party, after which they rejected the evidence first offered. Itappears to us, that if this practice is pursued, the trial of facts will be transferred from the jury to the court. We are therefore of opinion, that this judgment should be reversed and a venire de novo awarded.
Judgment reversed and a venire facias de novo awarded.